## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JIT INDUSTRIES, INC. | ) | |
| EIN: xx-xxx7267 | ) | Case No.: 18-80892-CRJ-11 |
| | ) | |
| Debtor. | ) | |
| | ) | CHAPTER 11 |
| _____ | ) | |
| | ) | |
| JIT INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No.: 18-80069 |
| | ) | |
| WELLS FARGO FINANCIAL | ) | |
| LEASING, INC., et. al | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR APPROVAL OF**
**COMPROMISE AND SETTLEMENT**

COME NOW JIT Industries, Inc., as Chapter 11 Debtor-in-Possession ("Debtor"), and American Express, FSB ("AMEX") and respectfully represent that they have reached an agreement to settle and compromise the claims and disputes involved in the Debtor's Chapter 11 case. As grounds for this motion, the parties state the following:

### I. Background

1. On March 23, 2018, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Case").

2. The Debtor continues to be authorized to operate the business as Debtor-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. AMEX has a currently pending motion for the allowance of a law-filed proof of claim.

4. On July 9, 2018, the Debtor filed an adversary proceeding styled *JIT Industries, Inc. v. Wells Fargo Financial Leasing, Inc., et al.*, 18-80069-CRJ (the "AP") objecting to the proofs of claim of several creditors, including any potential claims filed by AMEX, on the grounds that the Debtor did not owe any debts to these alleged creditors; instead the Debtor's former subsidiary, JIT Military Sales, an Alabama general partnership ("Military Sales") was, in fact, the entity indebted to these creditors.

5. To resolve AMEX's involvement in the AP and all other ancillary or collateral matters between these parties, the Debtor and AMEX propose this compromise and settlement to the Court. The parties aver that this proposed resolution is in the best interest of each party and the bankruptcy estate as a whole.

## II. Jurisdiction and Notice

6. The parties bring this Motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

7. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the parties expressly consent to the entry of a final order.

8. Pursuant to Bankruptcy Rule 2002, the parties propose to serve a copy of this Motion upon the Bankruptcy Administrator, the twenty largest unsecured creditors in the Bankruptcy Case, all parties to the AP, and all parties requesting notice in the Bankruptcy Case.

9. Pursuant to Bankruptcy Rule 2002, the parties propose that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

### III. Agreement for Compromise and Settlement

10. The agreement by and between the Debtor and AMEX to resolve all issues involved in the Chapter 11 case and AP is as follows:

   A. AMEX will withdraw its motion to allow a late-filed claim and will not file any other claims in the Bankruptcy Case;

   B. AMEX with be dismissed with prejudice from the AP; and

   C. The Debtor and AMEX will each bear their own costs, expenses, and attorney's fees related to the Bankruptcy Case and the AP.

### IV. Business Justification for Compromise and Settlement

11. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. *Langes v. Green*, 282 U.S. 531, 541 (1931).

12. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the Estate's administrative costs.

13. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code.

14. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations between the parties.

3

## V. **Prayers for Relief**

WHEREFORE, PREMISES CONSIDERED, the Debtor and AMEX request that the Bankruptcy Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein

B. Grant AMEX leave to withdraw its motion for a late-filed claim;

C. Barr AMEX from filing any other claims in the Bankruptcy Case;

D. Dismiss AMEX from the AP with prejudice; and

E. Grant such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 20th day of December, 2018.

| | |
|---|---|
| */s/ Michael A. Harrison* | */s/ Tazewell T. Shepard IV* |
| Michael A. Harrison | Tazewell T. Shepard III |
| *Attorney for AMEX* | Tazewell T. Shepard IV |
| | *Attorneys for Debtor-in-Possession* |
| | |
| **KEY, GREER, FRAWLEY, KEY & HARRISON** | **SPARKMAN, SHEPARD & MORRIS, P.C.** |
| P.O. Box 360345 | P.O. Box 19045 |
| Birmingham, AL 35236 | Huntsville, AL 35804 |
| Tel: (205) 987-2211 | Tel: (256) 512-9924 |
| | Fax: (256) 512-9837 |

4

## CERTIFICATE OF SERVICE

This is to certify that I have this 20th day of December, 2018 served the foregoing document upon the Debtor's twenty (20) largest unsecured creditors; all persons requesting notice; and upon the below listed parties by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

Richard Blythe, Esq.
Office of the Bankruptcy Administrator
P. O. Box 3045
Decatur, AL 35602

Michael. A. Harrison, Esq.
Key, Greer, Harrison & Casey
P.O. Box 360345
Birmingham, AL 35236

Kevin D. Heard, Esq.
Heard, Ary & Dauro, LLC
303 Williams Avenue, Ste. 921
Huntsville, AL 35801

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV